# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TOPSOE A/S**,<br>Haldor Topsøes Allé 1<br>DK-2800<br>Kongens Lyngby, Denmark<br><br>　　　　Plaintiff,<br><br>-vs-<br><br>**DELILLE OXYGEN COMPANY**<br>772 Marion Road<br>Columbus, OH 43207<br><br>　　　　Defendant. | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br>David F. Axelrod (0024023)<br>Trial Attorney<br>Michael A. Snyder (0069425)<br>Evan J. Bunis (0101115)<br>SHUMAKER, LOOP & KENDRICK, LLP<br>41 South High Street, Ste. 2400<br>Columbus, Ohio 43215<br>Telephone:　　614.463.9441<br>Facsimile:　　614.463.1108<br>Email:　　daxelrod@shumaker.com<br>　　　　msnyder@shumaker.com<br>　　　　ebunis@shumaker.com<br><br>Attorneys for Plaintiff |

Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, Plaintiff Topsoe A/S f/k/a Haldor Topsoe A/S ("Topsoe A/S") files this Complaint and states:

## PARTIES

1. Topsoe A/S is a foreign corporation organized under the laws of Denmark with a principal place of business in Kongens Lyngby, Denmark. Topsoe A/S is a citizen of Denmark for diversity purposes.

2. Defendant DeLille Oxygen Company ("DeLille") is a corporation organized under the laws of the state of Ohio with a principal place of business at 772 Marion Road, Columbus, Ohio 43207. DeLille is a citizen of Ohio for diversity purposes.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391(b)(1) because it is the judicial district in which DeLille resides.

## FACTUAL BACKGROUND

5. On May 9, 2019, DeLille entered two leases (a Main Lease and a Backup Lease, collectively, the "Leases") with Haldor Topsoe eCOs, Inc., n/k/a Topsoe eCOs, Inc. ("eCOs").

6. A true and correct copy of the Main Lease is attached as Exhibit "A."

7. A true and correct copy of the Backup Lease is attached as Exhibit "B."

8. eCOs is a Delaware corporation with a principal place of business in Houston, Texas.

9. The only parties to the Leases were eCOs and DeLille.

10. The only signatories to the Leases were eCOs and DeLille.

11. The Leases include arbitration provisions that dictate that disputes "arising out of the provisions of this AGREEMENT" between eCOs and DeLille will be subject to arbitration.

12. On March 15, 2024, eCOs terminated both Leases for convenience.

13. On February 3, 2025, DeLille filed an arbitration demand. A true and correct copy of that demand, without exhibits, is attached as Exhibit "C" (the "February 3 Demand").

14. The cover sheet for DeLille's demand listed only eCOs as the respondent (*see* February 3 Demand, Ex. C at 1), but the statement of claim included "Haldor Topsoe" that DeLille

referred to as a "Danish company" and the "parent company" of eCOs. *See* February 3 Demand, Ex. C at ¶ 4.

15. The rest of the February 3 Demand included vague, generalized allegations about "Topsoe," which DeLille improperly defined to include both eCOs and Topsoe A/S, even though Topsoe A/S was not a party to either Lease.

16. Shortly thereafter, eCOs's counsel emailed DeLille's and requested that DeLille remove Topsoe A/S as a respondent. A true and correct copy of the email is attached as Exhibit "D."

17. Instead, on February 28, 2024 DeLille filed an amended demand form, this time listing Topsoe A/S and eCOs as respondents. A true and correct copy of that demand, without exhibits, is attached as Exhibit "E" (the "February 28 Demand"). DeLille lists the dollar amount of its claim as $6,255,229.54, exclusive of DeLille's request for attorneys' fees, interest, arbitration costs, and punitive damages.

18. The cover sheet for the February 28 Demand listed the respondents' address as eCOs's address in Texas. *See* February 28 Demand, Ex. E at 1.

19. In addition, DeLille's amended statement of claim included with the February 28 Demand states conclusorily and without basis that Topsoe A/S and eCOs were "acting jointly" and that Topsoe A/S is "responsible for the liabilities and obligations, contractual or otherwise" of eCOs. February 28 Demand, Ex. E, at ¶ 4.

20. Topsoe A/S is not responsible for performing any obligation to DeLille under the Leases, or any other agreement, and no other condition is present that would bind a non-signatory, Topsoe A/S, to DeLille's arbitration agreements with eCOs.

21. Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute that the party did not contractually obligate itself to submit.

22. Topsoe A/S is not a party or signatory to the Leases – or any other agreement with DeLille that contains an arbitration provision.  Therefore, Topsoe A/S did not contract with DeLille to arbitrate any dispute.

23. Forcing Topsoe A/S into an arbitration will cause Topsoe A/S irreparable harm and deprive Topsoe A/S of its due process rights by requiring it to arbitrate without the protections of law, as it will be required to arbitrate a dispute that it is not contractually obligated to arbitrate.

## FIRST COUNT

### Declaratory Judgment

24. Topsoe A/S adopts and reincorporates by reference the above paragraphs.

25. Topsoe A/S seeks declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

26. An actual case or controversy exists between DeLille and Topsoe A/S as to the rights and status of the parties because DeLille is attempting to force Topsoe A/S into arbitration based on Leases to which Topsoe A/S is not a party.

27. DeLille's arbitration demand seeks more than $6 million in damages from Topsoe A/S and eCOs, but eCOs is the only counterparty to the underlying Leases.

28. Topsoe A/S is neither a party nor a signatory to the Leases, and Topsoe A/S has no agreement with DeLille, much less one that contains an arbitration provision.

29. Topsoe A/S is entitled to a declaration that there is no agreement between Topsoe A/S and DeLille to arbitrate any claim including, but not limited to, any claim by DeLille arising out of the Leases.  Topsoe A/S is also entitled to a declaration that DeLille cannot force Topsoe A/S to arbitrate any dispute with DeLille may have with eCos arising under the Leases.

30. Topsoe A/S never contractually obligated itself to arbitrate any dispute with DeLille.

31. Topsoe A/S asks the Court to award Topsoe A/S its reasonable and necessary attorneys' fees, costs, and expenses incurred pursuant to 28 U.S.C. § 2202, or any other applicable law or in equity.

## **PRAYER FOR RELIEF**

WHEREFORE, Topsoe A/S respectfully requests that DeLille be cited to appear and answer and that, upon final trial or hearing, the Court enter a judgment:

A. Declaring that there is no agreement between Topsoe A/S and DeLille to arbitrate any claim;

B. Declaring that DeLille cannot force Topsoe A/S to arbitrate any claim including, but not limited to, DeLille's claims against eCos arising under the Leases;

C. Issuing preliminary and permanent injunctions prohibiting DeLille from prosecuting any arbitration against Topsoe A/S and enjoining DeLille from filing or prosecuting any arbitration against Topsoe A/S;

D. Awarding Topsoe A/S its reasonable and necessary attorneys' fees, costs, and expenses under any applicable state or federal statutes, common law, or in equity; and

E. Granting Topsoe A/S such additional and further relief as to which it may show itself to be justly entitled.

32511637v1

        Respectfully submitted,

        */s/David F. Axelrod*
        David F. Axelrod (0024023)
        Trial Attorney
        Michael A. Snyder (0069425)
        Evan J. Bunis (0101115)
        SHUMAKER, LOOP & KENDRICK, LLP

        Attorneys for Plaintiff